UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ADAM CONLON,

        Plaintiff,

v.                                        Case No: 6:17-cv-2012-Orl-DCI

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## MEMORANDUM OF DECISION

Adam Conlon (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security (the Commissioner) denying his application for supplemental security income. Doc. 1; R. 1-4, 158-63. Claimant argues that the Administrative Law Judge (the ALJ) erred by failing to properly weigh the opinion of Gary Weiss, M.D. (Dr. Weiss). Doc. 15 at 13-20. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED**.

### I.    THE ALJ'S DECISION

In 2014, Claimant filed an application for supplemental security income. R. 19. Claimant alleged a disability onset date of April 18, 2014. R. 19, 37

The ALJ issued his decision on November 22, 2016. R. 19-28. In his decision, the ALJ found that Claimant had the following severe impairment: degenerative disc disease. R. 21. The

ALJ found that Claimant had an RFC to perform less than a full range of light work as defined by 20 C.F.R. § 416.967(b).[1] R. 23. Specifically, the ALJ found as follows:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C'FR 416.967(b) except: The claimant can climb ramps and stairs on a frequent basis; occasionally climb ramps and stairs; frequently balance; and occasionally stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to hazards such as machinery and heights. The claimant can understand, and remember instructions for simple repetitive tasks; can maintain concentration, persistence, and pace to complete simple repetitive tasks over an 8-hour day between scheduled breaks; can interact frequently with supervisors, co-workers, and the public; and can adapt to routine changes in the work place with normal guidance. The claimant cannot work where the ability to read is an essential requirement of the job.

*Id*. The ALJ ultimately found that Claimant has not been under a disability since June 11, 2014. *Id*. at 27-28.

## II.   STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant evidence as a reasonable

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 416.946(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20 C.F.R. § 416.945(a)(1), (3); *see also Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that: "'Medical opinions are

statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id.* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 416.927(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 416.927(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

Here, the ALJ stated as follows with respect to Dr. Weiss's records and opinion:

The [Claimant] presented for treatment with Dr. Gary Weiss on October 16, 2014 for a complaint of neck pain with radiation into the right and left arm with numbness. He admitted to a headache on a rare occasion, which is tolerable. He denied any lumbar pain. He reported he sleeps well, that his memory is good. He denied anxiety, depression. An examination revealed there was no evidence of a mood or thought disorder. Memory and other cortical functions were grossly intact. Dr. Weiss observed the claimant had an unlimited range of motion of the neck. His gait and station were normal, including tandem, toe and heel walking. A Romberg's test was negative. There was no drift in outstretched arms with eyes closed. Strength in all four extremities was full normal except for the right pronator teres. There was no atrophy of the muscles. Reflexes were slightly reduced in the upper extremities and normal in the lower extremities. Sensation was intact to pin, touch, vibration, position sense, and parietal testing. Finger-to-nose and heel-to-shin were normal bilaterally. There was some reduced range of motion in the cervical spine with tenderness and spasm. He was initially prescribed Tramadol. (Ex. 10F)

The [Claimant] returned to Dr. Weiss's office on an inconsistent basis through June 24, 2016. In most instances, he was seen by a nurse practitioner. Review of these progress notes indicate the claimant's physical examination remained unchanged. He was initially prescribed Ketorolac and then Lortab. By April 10, 2015, he remained on Tramadol. He returned on June 3, 2015 and continued to deny back pain. He did not return for follow up until five months later on November 21, 2015 and was again found to be stable. A final exam seven months later of June 24, 2016 was unchanged and he was again noted to be stable. He described his pain as a 4 on a scale of 1 to 10. He had no low back complaints and indicated he can sit for three to four hours. A repeat MRI of the cervical spine revealed a herniated disc at C5-C6 with a smaller herniated disc at C4-C5. (Ex. 14F)

As for the opinion evidence, Dr. Weiss completed a medical source statement on September 22, 2016 and indicated the claimant would be able to sit for 2 hours and stand and walk for 2 hours of an 8 hour day. He would be able to lift from 1 to 5 pounds and should never climb, balance, stoop, crouch, or crawl. (Ex. 15F) ***The undersigned accords little weight to this statement as it is not well supported by his own objective findings and the other substantial evidence of record.*** Specifically, Dr. Weiss and his nurse practitioner's consistently observed the claimant had a normal gait and station, normal motor, normal strength in the upper and lower extremities (except for a decreased right pronator teres). There was no atrophy of the muscles and no loss of sensation to pin, touch, vibration, position sense and parietal testing. Reflexes of the lower extremities were full and slightly diminished in the upper. ***Range of motion of the cervical spine was unlimited***. ***The claimant had remained stable on the medication, Tramadol***. ***There had been no recommendation for pain management or surgery***. In addition, the claimant testified he is able to perform household chores, such as vacuuming, sweeping, and mopping. He is able to prepare simple meals and care for his personal needs. He shops and collects firearms, enjoying shooting of handguns, rifles, and shotguns.

R. 25 (emphasis added).

Thus, the ALJ discredited Dr. Weiss's opinion because that opinion was not well supported by (1) Dr. Weiss's own objective findings and (2) the other substantial evidence of record. *Id*. The ALJ then purportedly described certain of Dr. Weiss's findings and, thereafter, described certain of Claimant's daily activities – no other evidence of record was discussed. Claimant argues, in part, that the ALJ erred by misquoting and misconstruing the record when weighing Dr. Weiss's opinion, rendering the ALJ's decision unsupported by substantial evidence. *See* Doc. 15 at 15-16. As stated in the following paragraphs, the undersigned agrees that the ALJ erred in describing and characterizing a material and significant portion of Dr. Weiss's records. Thus, the first reason for discrediting Dr. Weiss's opinion is unsupported. And the second reason articulated by the ALJ does not save the ALJ's determination, because that reason, standing alone, does not provide substantial evidence supporting the ALJ's decision to discredit Dr. Weiss's opinion.

Although a single erroneous statement by an ALJ does not necessarily require remand, *Washington v. Astrue*, 2009 WL 2949034, at *14 (M.D. Fla. Sept 14, 2009) (citation omitted), courts have found that remand is warranted where the ALJ misstated and mischaracterized the record evidence on numerous points. *See Beckford v. Berryhill*, 2017 WL 3835859, *7-9 (M.D. Fla. Aug. 16, 2017) (noting that the ALJ's numerous errors called into question the accuracy of the ALJ's decision); *Bissinger v. Comm'r of Soc. Sec.*, 2014 WL 5093981, *5-6 (M.D. Fla. Oct. 9, 2014) (finding that a misstatement of fact is not harmless if the misstatement is material or integral to the ALJ's ultimate decision); *Smith v. Astrue*, 2009 WL 3157639, *3-6 (M.D. Fla. Sept. 25, 2009) (finding that the ALJ's misstatements, taken as a whole, indicated that the ALJ failed to properly consider all the evidence); *Flentroy-Tennant v. Astrue*, 2008 WL 876961, *6-8 (M.D. Fla. Mar. 27, 2008) (noting that the ALJ's numerous misstatements revealed an inaccurate review

of the record). Further, "[w]hen the ALJ provides his or her reasons for giving a treating physician's opinion less than substantial weight, the ALJ cannot misstate the record when citing such reasons." *Ellis v. Comm'r of Soc. Sec.*, 2017 WL 1282867, *4 (M.D. Fla. Apr. 6, 2017).

Here, the ALJ materially erred in characterizing the record, including when providing the basis for affording little weight to Dr. Weiss's opinion. To begin, the ALJ's statements that Claimant had unlimited range of motion in the cervical spine and neck are flatly contradicted by the evidence in the record, which establishes that Claimant suffered from reduced motion in the cervical spine.[2] R. 72, 316, 320, 324, 328, 333, 342, 359, 362, 366. Next, the ALJ erroneously stated that Claimant returned "to Dr. Weiss's office on an inconsistent basis through June 24, 2016." R. 25. This statement is problematic for two reasons. First, the evidence in the record indicates that Claimant presented to Dr. Weiss's office at least twice after June 2016: for an MRI on September 26, 2016 and for follow-up on October 21, 2016. R. 70-75. Second, while the ALJ characterized Claimant's visits to Dr. Weiss's office as "inconsistent," Claimant appears to have presented to Dr. Weiss's office a total of eleven times over the course of two years for follow-up or imaging, calling into question the ALJ's otherwise unexplained characterization. R. 70-75, 314-42, 357-73. In addition, the ALJ erroneously stated that Claimant denied back pain and had no low back complaints on June 3, 2015 and June 24, 2016, respectively. On June 3, 2015, although he denied lumbar pain, Claimant reported that he continues to suffer from thoracic pain. R. 340. And on June 24, 2016, Claimant reported lumbar pain that he rated a five out of ten in severity. R.

---

[2] In her response, the Commissioner also alleges that Claimant's range of cervical motion was unlimited. Doc. 15 at 24. The Commissioner cites to three records where Claimant self-reported an unlimited range of motion, albeit with pain. *Id.* (citing R. 314, 318, 331). But the Commissioner appears to overlook, as did the ALJ, the consistent examination findings indicating that Claimant's cervical spine motions were reduced. In fact, all three of the records cited by the Commissioner included examination findings indicating that Claimant's cervical spine motions were reduced. R. 314-21, 331-34.

360. Further, the ALJ stated that "[t]here had been no recommendation for pain management or surgery." R. 25. But a review of the record reveals that Claimant was receiving pain management from Dr. Weiss. R. 70-75, 314-42, 357-73. And the records indicate that Dr. Weiss and his nurses discussed additional treatment options with Claimant, including surgery, but that Claimant did not have insurance. R. 53-54, 73, 294, 299, 325, 328, 362, 366. Indeed, Dr. Weiss and his nurses specifically stated that "due to no insurance, home C tx with pain meds seems the best place to start." R. 325, 328. Claimant also testified that he did not have surgery because he did not have insurance, R. 53-54, a fact not discussed by the ALJ in the decision. R. 19-28. Finally, the ALJ stated that "[C]laimant had remained stable on the medication, Tramadol." R. 25. But the record contains evidence that Tramadol was ineffective. R. 70, 317, 360, 362. And the ALJ failed to mention any of this evidence in the decision or otherwise account for the fact that Tramadol was allegedly ineffective.

Although none of the foregoing issues, standing alone, may have been sufficient to warrant remand, the conglomeration of these errors makes it impossible to determine whether substantial evidence supports the first reason that the ALJ provided for discrediting Dr. Weiss's opinion – that Dr. Weiss's opinion is not well supported by Dr. Weiss's objective findings. "An ALJ is required to build an accurate and logical bridge from the evidence to his or her conclusion." *Flentroy-Tennant*, 2008 WL 876961, *8 (citation omitted). The ALJ did not do so here. The ALJ's errors render insufficient the ALJ's rationale linking the evidence to the ALJ's legal conclusion. And the Court will not attempt to divine what weight the ALJ gave to the evidence the ALJ erroneously characterized when determining whether there was good cause to discredit Dr. Weiss's opinion. *Smith*, 2009 WL 3157639, *6 ("Even if the record contains substantial evidence favorable to the Commissioner, that may not insulate the ALJ's determination from remand when he or she does

not provide a sufficient rationale to link such evidence to the legal conclusion reached.") (internal quotations and citation omitted). Therefore, the Court cannot find that the ALJ's first reason for discrediting Dr. Weiss's opinion is supported by substantial evidence.

Further, with regard to the ALJ's second reason for discrediting Dr. Weiss's opinion – that the opinion was not well supported by the other substantial evidence of record – the Court notes that the ALJ did not discuss any additional evidence of record to support this reason aside from Claimant's daily activities. But in this case, Claimant's daily activities, standing alone, are not sufficient to serve as an independent reason for discrediting Dr. Weiss's opinion. The daily activities cited by the ALJ are nothing more than everyday activities of short duration.[3] And the "Eleventh Circuit has stated that 'participation in everyday activities of short duration, such as housework or fishing, [does not disqualify] a claimant from disability.'" *Bissinger*, 2014 WL 5093981, at *6 (alteration in original) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997)). Further, Claimant testified that he usually has to lay down after performing these activities due to pain. R. 50, 53, 56. Yet, the ALJ did not discuss this portion of Claimant's testimony. Nor did the ALJ attempt to explain why these particular everyday activities of short duration, standing alone, were sufficient to discredit Dr. Weiss's testimony. Given the foregoing, the Court finds that the ALJ's reliance on Claimant's participation in everyday activities – standing alone as an independent basis for discrediting Dr. Weiss's opinion and without further explanation – is insufficient to find that the ALJ's decision is supported by substantial evidence.

---

[3] The ALJ stated the following when weighing Dr. Weiss's opinion: "In addition, the claimant testified he is able to perform household chores, such as vacuuming, sweeping, and mopping. He is able to prepare simple meals and care for his personal needs. He shops and collects firearms, enjoying shooting of handguns, rifles, and shotguns." R. 25.

Finally, to the extent that the Commissioner attempts to provide justifications supporting the ALJ's decision, the Court will not rely on the Commissioner's post-hoc arguments. *See Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (A court will not affirm based on a post hoc rationale that "might have supported the ALJ's conclusion.") (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). To do so would necessarily require the undersigned to reweigh the evidence, which the undersigned declines to do. *See Phillips*, 357 F.3d at 1240 n.8 (11th Cir. 2004) (stating that the district court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'") (quotation omitted).

Accordingly, because the Court cannot find that substantial evidence supports the reasons provided by the ALJ for giving Dr. Weiss's opinion little weight, Claimant's argument is well-taken. This issue is dispositive and therefore there is no need to address Claimant's remaining arguments. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (per curiam) (no need to analyze other issues when case must be reversed due to other dispositive errors). However, in addition to reassessing the entire record on remand, the Court finds that the ALJ must also correct the internal inconsistency contained within the RFC, which provides, in part, as follows: "The claimant can climb ramps and stairs on a frequent basis; occasionally climb ramps and stairs."[4]

---

[4] The Court notes that Claimant failed to argue that the ALJ erred by including an internal inconsistency in the RFC.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and against the Commissioner, and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 1, 2019.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties